```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                                        |                           |
|----------------------------------------|---------------------------|
| LAWRENCE WATSON,                       )                           |
|                                        )                           |
|     Plaintiff,     )                           |
|                                        )                           |
|     v.             )   CIVIL ACTION  |
|                                        )   NO. 11-10095-WGY |
| CHIEF CLERK MAGISTRATE ANTHONY         )                           |
| OWENS, et al.,                         )                           |
|                                        )                           |
|     Defendants.    )                           |

<u>MEMORANDUM AND ORDER</u>

YOUNG, D.J.                                              July 22, 2011

For the reasons set forth below, the Court (1) grants the plaintiff's motion for leave to amend the complaint; (2) grants the plaintiff's motion for leave to proceed <u>in forma pauperis</u>; (3) directs the plaintiff to show cause why this action should not be dismissed; and (4) denies the plaintiff's motion for compliance with 28 U.S.C. § 2284.

**I.  Background**

On January 13, 2011, Lawrence Watson filed a self-prepared complaint and a motion (#2) for leave to proceed <u>in forma pauperis</u>.  On February 15, 2011, Watson filed a motion (#4) to amend the complaint with a lengthy proposed amended complaint.[1]

In the amended complaint, Watson alleges that Chief Clerk

---

[1] Because Watson may amend the complaint as a matter of right under Fed. R. Civ. P. 15(a), the motion for leave to amend the complaint is GRANTED.  The Court will hereafter refer to the proposed amended complaint as the "amended complaint."

Magistrate Anthony Owens of the Dorchester District Court, an "unknown clerk" of the same court, Assistant Attorney General Annapurna Balakrishna, and five state court judges (First Justice Rosalind Miller of the Dorchester District Court; Justice Gilbert Nadeau, Chair of the Committee on Professional Responsibility for Clerks of the Court; Chief Justice Lynda Connolly, Chief Justice of the Administrative Office of the District Court; Chief Justice Robert Mulligan, Chief Justice of the Administrative Office of the Trial Court; and, Justice Stephen Neel, Chairman of the Commission on Judicial Conduct) violated his state and federal rights in connection with Watson's litigation in the state court over the past eight years concerning protective orders issued against him under M.G.L. ch. 209A.

In brief, Watson claims that all of the defendants except Justice Neel played a role in denying him court documents and court tapes that he requested, whether through directly denying the request, or failing to exercise proper supervisory authority over the court employees who denied the request. Notably, Watson does allege that on June 9, 2009, Supreme Judicial Court Justice Cordy declared that the state district court had met its obligation to provide the plaintiff with the court documents and court tapes that he had requested. See Amend. Compl. ¶ 79. Watson further alleges that Justice Neel wrongfully denied the plaintiff access to all complaints filed against judges of the

Commonwealth of Massachusetts.  Watson claims that restraining orders were wrongly issued against him in state court.  He also asks that a grand jury convene to investigate his allegations of wrongdoing.

In Counts I, III[2], and V, Watson alleges that all of the defendants except Justice Neel violated his rights under 42 U.S.C. §§ 1983 and 1985 and M.G.L. ch, 258, § 2 because of their alleged role in failing to provide him the court documents and court tapes to him as per order of the Supreme Judicial Court.

In Count IV, Watson alleges that all of the defendants except the unknown clerk and Justice Neel violated his rights under 42 U.S.C. 1986 by conspiring with court employees to violate Watson's constitutional rights.  Watson alleges that Owens knew that, since 2003, court employees had refused to allow him to file documents, refused to assemble a record, wrongly issued a criminal complaint against him, and failed to provide him with court documents.  Watson further alleges that Balakrishna failed to exercise authority over the court employees to compel them to perform their duties.  The plaintiff claims that the defendant judges have supervisory authority over the court employees, and that the judges failed to properly train, supervise, and investigate Watson's allegations of misconduct by the court employees.

---

[2]The amended complaint does not contain a Count II.

In Count VI, Watson brings a claim under 42 U.S.C. § 1983 against Justice Neel for the judge's alleged failure to order the Commission on Judicial Conduct to permit Watson to have access to all complaints filed against all judges of the Commonwealth. Watson maintains that Justice Neel cited M.G.L. ch. 211C, § 6, which concerns the confidentiality of proceedings of the Commission on Judicial Conduct[3], as the basis for his refusal. Watson alleges that this conduct violated his rights under the First and Fourteenth amendments to the United States Constitution.

In Count VII, Watson alleges that M.G.L. ch. 211C, § 6 "violates the transparency of the court that is required by Article V of the Massachusetts Declaration of Rights and the First Amendment of the U.S. Constitution." Amend. Compl. ¶ 129. He also contends that the statute violates the Fourteenth Amendment of the United States Constitution. Watson asserts, "Citizens of the Commonwealth are entitled to view all complaints against judges in order to hold specific judges and the judiciary as a whole accountable for their actions and to determine if there are discriminatory practices . . . ." Id. ¶ 130. The plaintiff claims, "The failure and refusal fo the Commonwealth to

---

[3]Under this statute, all proceedings of the Commission on Judicial Conduct "shall be confidential until there has been a determination of sufficient cause and formal charges have been filed with the supreme judicial court," M.G.L. ch. 211C, § 6(1), with some exceptions.

4

allow Plaintiff . . . access to all complaints filed against judges of the Commonwealth denies access to the courts and due process because said information may be needed for evidence in legal matters.

In Count VIII[4], Watson alleges that M.G.L. ch. 209A, which concerns protective orders to prevent abuse, is unconstitutional for the following reasons: (1) it violates his right to due process because abuse need only be proved by a preponderance of the evidence; (2) it violates the Fourteenth Amendment because a defendant is included on the Commonwealth's Domestic Violence Registry even after the denial or vacation of a restraining order; (3) the rules of evidence violate the Fourteenth Amendment; (4) the requirement that a court make specific written findings when issuing a mutual restraining order, when written findings are not required when issuing a non-mutual restraining order, violates the Equal Protection Clause; (5) the state's failure to provide counsel and the option of a jury trial to any defendant required to surrender his firearms pursuant to a protective order violates 18 U.S.C. § 921(a)(33)(B)(i) and the Supremacy Clause of the United States Constitution; and (6) because males are disproportionately subject to protective

---

[4]The amended complaint contains two counts labeled "Count VII" and does not contain a "Count VIII." The Court will therefore designate the second "Count VII," which concerns the alleged unconstitutionality of M.G.L. ch. 209A, as "Count VIII."

orders under ch. 209A, the state's refusal to provide statistics on the gender of the alleged victims and the defendants violates the accused's rights to illustrate the discriminating application of the statute.

In Count IX, Watson asks that a grand jury be convened pursuant to 18 U.S.C. App. Rule 6. The Court infers that Watson is seeking a criminal investigation into the role of state actors in issuing protective orders against him.

**II. Discussion**

    **A.    Motion for Leave to Proceed <u>In Forma Pauperis</u>**

Upon review of Watson's motion for leave to proceed <u>in forma pauperis</u>, the Court concludes that Watson is without income or assets to pay the $350.00 filing fee. The motion is therefore granted.

    **B.    Screening of the Complaint**

        **1.    Court's Authority to Screen the Complaint**

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. This statute authorizes federal courts to dismiss a complaint <u>sua sponte</u> if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. <u>See</u> 28

U.S.C. § 1915(e)(2). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

For the reasons set forth below, the plaintiff's complaint is subject to dismissal.

**2. Rooker-Feldman Doctrine**

Under the Rooker-Feldman doctrine, a federal district court lacks jurisdiction over a final judgment of a state court. See Geiger v. Foley Hoag LLP Retirement Plan, 521 F.3d 60, 65 (1st Cir. 2008). In other words, the doctrine "bars parties who lost in state court from 'seeking review and rejection of that judgment' in federal court.'" Puerto Ricans for Puerto Rico Party v. Dalmau, 544 F.3d 58, 68 (1st Cir. 2008) (quoting Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005); see also D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). The doctrine applies to (1) "cases brought by state-court losers"; (2) "complaining of injuries caused by state-court judgments"; (3) "rendered before the district court proceedings commences"; and (4) "inviting district court review and rejection of those judgments." Lance v. Dennis, 546 U.S. 459, 464 (2006) (per curiam).

The bulk of the plaintiff's lengthy amended complaint

7

concerns allegations that state court rulings, judgments, and procedures against him were unlawful, whether they concern the failure to provide court documents and tapes, the issuance of protective orders against him, and other alleged misconduct occurring in state court. See Amend. Compl., Counts I-V, VIII. The Court finds that such claims are barred by the Rooker-Feldman doctrine.

### 3. Access to Records of the Commission on Judicial Conduct

Counts VI and VII fail because Watson does not have a constitutional right to unlimited access to records of the Commission on Judicial Conduct. Further, Justice Neel is entitled to judicial immunity in his role as Chairman of the Commission on Judicial Conduct because he was acting within his judicial jurisdiction. See Pierson v. Ray, 386 U.S. 547, 554 (1967) (stating that judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly"); see also Capogrosso v. Supreme Court of New Jersey, 588 F.3d 180 (3d Cir. 2009) (state advisory committee on judicial conduct entitled to immunity in regards to allegations that committee members wrongfully dismissed plaintiff's charges of misconduct).

### 4. Request to Convene a Grand Jury

Count IX fails because Watson does not have a right to

effect the criminal prosecution of another individual.  See <u>Linda R.S. v. Richard D.</u>, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")

**ORDER**

Accordingly:

1. The motion (#2) for leave to proceed <u>in forma pauperis</u> is GRANTED.

2. The motion (#4) to amend the complaint is GRANTED.  The Clerk shall docket the amended complaint and add to the docket any defendants in the amended complaint that were not defendants in the original complaint.

3. The plaintiff must show cause why this action should not be dismissed for the reasons stated above.  Failure to comply with this directive within thirty-five (35) days of the date of this Memorandum and Order will result in dismissal of this action.

4. The motion (#6) for compliance with 28 U.S.C. § 2284 is DENIED.

SO ORDERED.

        /s/ William G. Young
       WILLIAM G. YOUNG
       UNITED STATES DISTRICT JUDGE